Colcock, J,
delivered the opinion .of the Court.
Tbe charge of the presiding Judge, that “ the paper title of the plaintiff had failed at the threshold,” renders it unnecessary to consider whether the title of the defendant was good or bad, for if the plaintiff failed to prove a title in himself, the verdict of course must be for the defendant.
But we differ in opinion with the presiding Judge as to the deed made by Tilly Merrick to Thomas Dugan, which was the link in the plaintiff’s chain of title he thought defective. There was a possession under this deed, and after a lapse of so many years, the Jury may have presumed that a will did exist. In how many cases is the existence of a deed itself presumed, where there is a long chain of title and a possession ; and if a deed may be presumed, why not an authority to make the deed 1 But the case stands on stronger ground than this : It is the deed of Tilly Merrick, and conveys all the interest he had in the land ; íÉld if he is the heir-at-law of Augustus Merrick, the grantee, the plaintiff’s title is complete. But it is said, that the evidence offered to support this fact was incompetent, that it amounted to no more than the hearsay evidence of a stranger; and, indeed, the argument was pressed so far, as to exclude all others than *62 members of families from giving- evidence on the subject: But it is clear that the legal character of the testimony is misunderstood ; it is the positive knowledge of the witness himself. It is not hearsay: Sims says I knew them, Augustus and Tilly Merrick, I knew them well. He then goes on to state, that Augustus had no family, and no other brother or sister that he knew of, than Tilly. To this he adds, what if it stood alone, may have been incompetent, that he was reputed to be a single man at the time of his death; but this addition, to his own knowledge on the subject, cannot affect or vitiate his evidence. The testimony of the other witness is to the same effect; he also knew the man. The doctrine referred to in the argument, relates to tradition in families; that one may give evidence of what another, who is dead, was heard to say in relation to the pedigree of one of the family. But even in such cases, it is not merely because the witness is a member of the family, that he is allowed to testify, but because by being a member of the family, he has an opportunity of obtaining such knowledge.
If the witnesses in the case at bar had not known the Mer-ricks, and had only said what they had heard from others, then their evidence would not have been competent.
The testimony being competent, it was sufficient to put the defendant to the disproof of it, if it were not true. I have said that it is unnecessary to decide on the defendant’s claim; but for myself, I entertain no doubt as to the two propositions contended for, that the declarations and acts of Nations, under whom the defendant claims, as well as those of the defendant himself, may be given in evidence as to the nature of their possession.*
New trial granted.

 See next case, Simmons v. Parsons, and the note.